```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION
```

**PATSY ANN KINSTLEY**                                          **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO: 5:14-cv-5-DCB-MTP**

**DOLLAR TREE STORES, INC.**                                    **DEFENDANT**

### ORDER DENYING SUMMARY JUDGMENT

This cause is before the Court on Defendant's, Dollar Tree Stores, Inc., Motion for Summary Judgment **[docket entry no. 20]**. Having reviewed the motion and response, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

I. Factual and Procedural Background

On November 19, 2012, Plaintiff Patsy Ann Kinstley entered a Dollar Tree store located in Brookhaven, Mississippi, to purchase some items for Thanksgiving. Kinstley walked down an aisle and turned suddenly at the end of the aisle to the right, tripping over a store display made up of three stacks of canned beans. She landed awkwardly on both her knees and her right elbow. As a result, Kinstley suffered damages including lost income, medical bills, and pain and suffering.

Kinstley filed suit against Defendant, Dollar Tree Stores, Inc. ("Dollar Tree"), in the Circuit Court of Lincoln County on

1

December 18, 2013. In her complaint, Kinstley requested $150,000 in actual damages and punitive damages in the same amount based on a theory of Dollar Tree's gross negligence. On January 23, 2014, Dollar Tree removed this case to federal court alleging diversity jurisdiction.[1]

## II. Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1985 Real Estate P'ship v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted). The moving party bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. V. Catrett, 477 U.S. 317, 323 (1986).

"Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to

---

[1] Kinstley is a Mississippi resident, and Dollar Tree is incorporated in Virginia. The amount in controversy exceeds $75,000.

the non-moving party to show that summary judgment is inappropriate." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). But the nonmovant must meet his burden with more than metaphysical doubt, conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). A party asserting a fact is "genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment must be rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### B. Kinstley's Claim

"[F]ederal courts apply substantive state law when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings." Cates v. Sears, Roebuck & Co., 928 F.2d 679, 687 (5th Cir. 1991). Although Kinstley styled her complaint as one for gross negligence, the facts of this case

support recovery on a theory of premises liability; it is this theory of recovery that both parties argue in the current motion and response. In Mississippi, "the analysis of premises liability involves three steps." Titus v. Williams, 844 So. 2d 459, 467 (Miss. 2003). "First, it is necessary to determine whether the injured person is an invitee, licensee, or trespasser. Next, the duty owed to the injured person must be determined. The final step is the determination of whether the landowner breached that duty." Massey v. Tingle, 867 So.2d 235, 239 (Miss. 2004) (citing Titus, 844 So. 2d at 467); see also Cheeks v. AutoZone, Inc., — So. 3d —, —, No. 2013-CA-00401-SCT, 2014 WL 4748099, at *4 (Miss. Sep. 25, 2014) (quoting Massey, 867 So. 2d at 239).

As to the first step, "a business invitee [is] 'a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage.'" Turney v. Entergy Miss., Inc., 139 So. 3d 115, 117 (Miss. Ct. App. 2014) (quoting Little v. Bell, 719 SO. 2d 757, 760 (Miss. 1998)). Dollar Tree concedes that Kinstley was a business invitee at the time of her injury. Mem. Supp. p. 3, ECF No. 21.

As to the second step, Dollar Tree concedes it owed Kinstley a duty of care. Mem. Supp. p. 3, ECF No. 21. Although Dollar Tree was "not an insurer of [Kinstley]'s safety," it owed her two duties: (1) "a duty to keep the premises reasonably safe" and (2) "when not reasonably safe to warn only where there is hidden danger

4

or peril that is not in plain and open view." Caruso v. Picayune Pizza Hut, Inc., 598 So. 2d 770, 773 (Miss. 1992). These two duties are separate, and breach of either supports a claim of negligence. Mayfield v. The Hairbender, 903 SO.2d 733, 738 (Miss. 2005).

As to the third step, Mississippi case law modifies the analysis of breach in slip-and-fall cases.

> Simply put, in order for a plaintiff to recover in a slip-and-fall case, he must (1) show that some negligent act of the defendant caused his injury; or (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition.

Anderson v. B. H. Acquisition, Inc., 771 So. 2d 914, 918 (Miss. 2000). In a more recent case, the Mississippi Supreme Court seemed to clarify the first part of this analysis, requiring that the negligent act created the dangerous condition. See Jones v. Imperial Palace of Mississippi, LLC, 147 So. 3d 318, 322 (Miss. 2014) ("A plaintiff cannot succeed on a premises-liability claim without showing either that the defendant created the dangerous condition or that the defendant possessed actual or constructive knowledge of the dangerous condition in sufficient time to remedy it."). Because Dollar Tree characterizes the stacked cans as a display, discussed infra, the Court finds that the condition was created by the defendant. Thus, the first question the Court must answer is whether the stacked cans of beans were unreasonably

dangerous. The mere existence of an unreasonably dangerous condition would breach the first duty, but to breach the second duty there must be (1) an unreasonably dangerous condition (2) that is hidden and (3) a failure to warn.

Dollar Tree cites to an unpublished Fifth Circuit opinion, to say that "Mississippi courts have routinely held that conditions such as display stands, hand trucks, raised door threshold, curbs, and steps are not unreasonably dangerous." Mem. Supp. p. 4, ECF No. 21 (citing Smith v. Fed. Cleaning Contractors, Inc., 126 F. App'x 672, 674 (5th Cir. 2005) (per curiam) (listing cases)). However, Smith cites to Ware v. Frantz, 87 F. Supp. 2d 643, 647 (Miss. S.D. 1999), a federal opinion, for the proposition that display stands are per se reasonably safe.² See Smith, 126 F. App'x at 674. The Ware court lumped display stands into the category of "conditions normally encountered" previously identified by the Mississippi Supreme Court. Ware, 87 F. Supp. 2d at 646 (citing Tate v. So. Jitney Jungle Co., 650 So. 2d 1347, 1351 (listing "thresholds, curbs, and steps")). Dollar Tree characterizes the stacked cans as a display in its briefing, and so relies on Ware to absolve it of liability. Based on more recent Fifth Circuit interpretation of the category exemption in Tate, the Court declines to follow the rule

---

² One other Fifth Circuit case, also unpublished, has cited to Ware for its rule related to display stands. See McNamee v. Jackson Simon Ltd., 54 F. App'x 793 (5th Cir. 2002) (per curiam). But, just as in Parker, this rule was not required for that case's holding. No Mississippi appellate court has cited to Ware.

announced in Ware.

Ware was decided in 1999, four years after Tate, and it was not appealed to the Fifth Circuit. It is impossible to know what the Fifth Circuit would have held then, but if it were appealed today that Court would likely express concerns about extending Tate's categorical exemption for conditions that customers normally encounter. In an opinion issued in 2009, the Fifth Circuit expressed "uncertain[ty] about the present role in state law of this principle that usual and normally expected hazards are not unreasonably dangerous." Wood v. RIH Acquisitions MS II, LLC, 556 F.3d 274, 276 (5th Cir. 2009). The doubts come from the facts: (1) that the Tate rule comes from an opinion in which only four justices join and a fifth concurs in the result, (2) that "the principle was not part of the holding in the case," and (3) that the categorical exemption has been quoted only once by the Mississippi Supreme Court. Id. (Tate has not been cited by the Mississippi Supreme Court since Wood was decided.) More recently, the Fifth Circuit has struck down what it saw as extensions of the categorical exemption. See e.g., Woten v. Am. Nat'l Ins. Co., 424 F. App'x 368, 371 (5th Cir. 2011) (inadequate lighting combined with curb); Cox v. Wal-Mart Stores East, L.P., 755 F.3d 231, 235 (5th Cir. 2014) (defective thresholds). Therefore, the Court finds that Ware does not correctly articulate the state of Mississippi law.

But even were the Court to accept Ware and find that display cases are per se reasonably safe, the facts of this case can be distinguished. The stacked cases seen in the photograph attached to Kinstley's brief do not appear as one expects a display would appear. See Mem. Opp. Ex. 1, ECF No. 27-1. Without attempting to create a judicial definition of a store display stand, the finder of fact could conclude that there is little to attract the customer's eye to the product. There is no signage. Though the cans are positioned beneath a hanging display of another product, they do not appear related. Further, there is no actual stand in this case. The cans are placed on the floor and, even at three cases high, appear very low to the ground, barely rising to the level of the first shelf above the ground in the picture. In Ware, the plaintiff's shopping cart struck the corner of a free-standing display shelf, causing her to lose her balance and fall. Ware, 87 F. Supp. at 645. It appears from the photograph that the cans could have been stacked there as much out of convenience as to display them.

The question remains then whether the stacked cans were unreasonably dangerous. In an unpublished opinion, the Fifth Circuit held that the question of whether a condition is unreasonably dangerous should be treated under Mississippi law the same as a question of negligence. See Parker v. Wal-Mart Stores, Inc., 261 F. App'x 724, 726 (5th Cir. 2008). The Parker court found

that "the question of negligence is for the jury 'unless the doing of the act which caused the injury complained of it not in dispute or conclusively appears from the evidence, and no inference except that of negligence or of no negligence can be justly drawn therefrom.'" Id. (quoting City of Greenville v. Laury, 159 So. 121, 122 (Miss. 1935)). The court went on to quote that "if the 'facts are undisputed, but reasonable minds may draw different inferences as to negligence therefrom, solution of the issue of negligence should be left to the jury.'" Id. (quoting Mercy Reg'l Med. Ctr. V. Doiron, 348 So. 2d 243, 246 (Miss. 1977)). The facts in Parker, like here, were undisputed, and the court ruled that "the district court was not required to submit the question [of unreasonable dangerousness] to the jury." Id. But unlike in Parker, reasonable minds can differ here. Therefore, the Court finds the question should be answered by a jury.

Since the Mississippi Supreme Court held that the open and obvious doctrine does not completely bar recovery, "summary judgment for a defendant rarely is sustained." Wood, 556 F.3d at 280. The Court finds that it is a fact issue whether the stacked cans were an unreasonably dangerous condition and will, therefore, deny summary judgment. The Court does not reach the questions of whether the condition was hidden[3] or whether Dollar Tree failed to

---

[3] The Court notes, however, that a condition is "not either open and obvious or not open and obvious. Common sense and experience negates an either/or categorization of such

warn Kinstley of it.

### III. Order

IT IS HEREBY ORDERED that the defendant's Motion for Summary Judgment is DENIED.

SO ORDERED this the 3rd day of December 2014.

                                                    __/s/ David Bramlette__
                                                  UNITED STATES DISTRICT JUDGE

---

conditions. Just how open and obvious a condition may have been is a question for the jury in all except the clearest cases." Bell v. City of Bay St. Louis, 467 So. 2d 657, 664 (Miss. 1985) (citing Lancaster v. City of Clarksdale, 339 So. 2d 1359. 1360 (Miss. 1976); Wilson v. Kirkwood, 221 So. 2d 79, 81 (Miss. 1969)).